UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMONTE' PORTER, | ) |
| and | ) |
| JOEL JOHNSON | ) |
| and | ) |
| FONTE' TODD, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. _____ |
| CVY OF ALEXANDRIA, LLC D/B/A ROSENTHAL CHEVROLET OF ALEXANDRIA | ) |
| SERVE: JERRY GRIFFIN<br>Registered Agent<br>1902 Association Drive<br>Reston, VA 20191 | ) |
| | ) **JURY TRIAL DEMAND** |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Amonte' Portter, Joel Johnson, and Fonte' Todd (collectively, "Plaintiffs"), by and through counsel, submit this Complaint against Defendant CVY of Alexandria, LLC d/b/a Rosenthal Chevrolet of Alexandria ("Rosenthal/Page" or "Defendant") to recover unpaid wages, liquidated damages, punitive damages, attorneys' fees, and costs for Defendants' failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

1

## PARTIES AND RELEVANT NON-PARTIES

1. Defendant Rosenthal/Page is a domestic corporation formed in the Commonwealth of Virginia. Rosenthal owns and operates Rosenthal Chevrolet in Alexandria, Virginia and is the successor-in-interest to Page Chevrolet, Inc. All references to "Rosenthal/Page" are inclusive of Page Chevrolet, Inc.

2. Plaintiff Amonte' Porter ("Mr. Porter") is a United States citizen who resides in Alexandria, Virginia.

3. Plaintiff Joel Johnson ("Mr. Johnson") is a United States citizen who resides in Alexandria, Virginia.

4. Plaintiff Fonte' Todd ("Mr. Todd") is a United States citizen who resides in Woodbridge, Virginia.

5. Mr. Porter was employed by Rosenthal/Page as a lube technician from approximately August 2018 until September 2020, including all times relevant to this Complaint.

6. Mr. Johnson was employed by Rosenthal/Page as a lube technician from late 2014 to approximately April 2020 including all times relevant to this Complaint.

7. Mr. Todd was employed by Rosenthal/Page as a lube technician from approximately August 2018 until approximately April 2019, including all times relevant to this Complaint.

8. Plaintiffs, at all relevant times, were non-exempt employees of Rosenthal/Page as a matter of law.

9. Plaintiffs were "employees" of Rosenthal/Page as defined and/or interpreted by the FLSA, 29 U.S.C. § 203(e) at all times relevant to this Complaint.

10. Rosenthal/Page was an "employer" of Plaintiffs, as defined and/or interpreted by the FLSA, 29 U.S.C. § 203(d) at all times relevant to this Complaint.

11. At all times relevant to this action, Rosenthal/Page was an enterprise engaged in interstate commerce, as defined by the FLSA, 29 U.S.C. § 203(s).

12. At all times relevant to this action, Rosenthal/Page had at least two employees.

13. At all times relevant to this action, Rosenthal/Page had an annual volume of sales or business of at least $500,000.00.

14. At all times relevant to this action, Rosenthal/Page engaged in interstate commerce as defined by the FLSA, 29 U.S.C. §§ 206(a), 207(a).

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

16. Rosenthal/Page is subject to personal jurisdiction of the Court because they regularly conduct business within this judicial district.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this judicial district.

## FACTS AND ALLEGATIONS

18. During the applicable statutory period, Plaintiffs worked for Rosenthal/Page as nonexempt lube technicians.

19. Defendant paid Plaintiffs on an hourly basis.

20. The FLSA requires covered employers like Defendant to compensate all nonexempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

21. Defendant routinely suffered and permitted Plaintiffs to work more than forty (40) hours per week without paying the minimum rate of overtime wages.

22. Defendant was aware, or should have been aware, that Plaintiffs performed work that required payment of the minimum rate of overtime compensation.

23. Defendant knew that Plaintiffs worked more than forty (40) hours per week because it processed their time sheets and payroll and/or exerted sufficient control over the conditions and terms of Plaintiffs' employment.

24. Plaintiffs' pay stubs regularly showed more than eighty (80) hours worked within a two-week period.

25. Plaintiffs Todd and Porter frequently worked more than fifty (50) hours per week for Defendant throughout the duration of their employment. Plaintiff Johnson frequently worked more than fifty (50) hours per week for Defendant in 2017 and 2018.

26. By way of example only, for the pay period of October 15, 2019 through October 31, 2019, Plaintiff Porter worked a total of 110.89 hours.

27. Plaintiff Porter did not receive any overtime pay for this pay period.

28. At all relevant times, Defendant paid Plaintiffs at the rate of $12.00 per hour for each hour worked and did not include an overtime premium.

29. The aforementioned instance is only one example of the unlawful policies and practices of Defendant. Defendant's practice of not paying Plaintiffs the minimum overtime premium for hours worked over forty (40) hours per week occurred consistently week until

Rosenthal/Page changed its pay policies after its ownership changed hands on or around February 2020.

30. In addition to the above, Plaintiffs Todd and Porter participated in an "incentive plan" wherein Defendant paid Plaintiffs Todd and Porter a bonus if certain work was completed during a given pay period. These payments were not tied to the hours Plaintiffs Todd and Porter worked but should be counted towards regular rate to determine the appropriate overtime pay for Plaintiffs Todd and Porter.

31. During most weeks in the relevant period, Defendant should have paid Plaintiffs at a rate not less than one-and-one-half times the $12.00 per hour rate, or $18.00 per hour, for every hour worked over forty (40) per week.

32. During those weeks when Plaintiffs Todd and Porter earned additional pay under Defendant's incentive plan, Plaintiffs Todd and Porter should have received overtime in an amount equal to one and a half times their regular rate on those weeks.

33. As a result of Defendant's failure to pay Plaintiffs the minimum overtime premium as required by the FLSA, Plaintiffs were regularly paid less than the Fair Labor Standards Act requires.

34. Defendant improperly treated Plaintiffs as exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

35. Plaintiffs performed basic labor for Defendant which did not fit in to any exemption from the Fair Labor Standards Act overtime requirements.

**WILLFULNESS**

36. Plaintiffs re-allege and reassert each and every allegation set forth in the paragraphs above as if each were set forth herein.

37. All actions by Defendant were willful and not the result of mistake or inadvertence.

38. Defendant knew Plaintiffs were regularly working over forty (40) hours per week because Defendant was responsible for and aware of Plaintiffs' schedules.

39. Defendant knew or should have known about its obligation to pay Plaintiffs for the overtime hours they worked on a regular basis.

40. Defendant is aware of Department of Labor regulations.

**COUNT I**
**Failure to Pay Overtime**
**In Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201** *et seq.*

41. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

42. At all times relevant to this action, Plaintiffs were employed by Rosenthal/Page within the meaning of the FLSA, and they are entitled to the rights, protections, and benefits provided under the FLSA.

43. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

44. Plaintiffs were not exempt employees under the FLSA.

45.     Rosenthal/Page violated the FLSA by knowingly failing to compensate Plaintiffs for all hours worked, including compensation at the rate of time-and-one-half (1.5) their regular hourly rate for every hour worked in excess of forty (40) hours in any one workweek.

46.     The violations of the FLSA by Rosenthal/Page were repetitive, willful, intentional, and in bad faith.

47.     Rosenthal/Page failed to pay Plaintiffs an overtime premium for all hours worked over forty (40) per week until Rosenthal/Page changed its pay policies after its ownership changed hands on or around February 2020.

48.     Rosenthal/Page are liable to Plaintiffs under the FLSA, § 216(b) for all unpaid wages and overtime wages, in an amount to be determined at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorneys' fees, costs, punitive damages, and any other relief this Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     Grant judgment in favor of Plaintiffs against Defendant for unpaid wages and overtime wages under Count I and award Plaintiffs unpaid overtime wages, liquidated damages, punitive damages, plus interest (pre- and post-judgment), attorneys' fees, and costs;

2.     Grant Plaintiffs such further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: November 4, 2020                                Respectfully submitted,

                                                                    /s/
                                                 Joshua Erlich, VA Bar No. 81298
                                                 Davia Craumer, VA Bar No. 87426
                                                 Katherine Herrmann, VA Bar No. 83203
                                                 THE ERLICH LAW OFFICE, PLLC
                                                 2111 Wilson Blvd., Ste. 700
                                                 Arlington, VA  22201
                                                 Tel:    (703) 791-9087
                                                 Fax:    (703) 722-8114
                                                 Email: jerlich@erlichlawoffice.com
                                                           dcraumer@erlichlawoffice.com
                                                           kherrmann@erlichlawoffice.com